UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JIMMIE L. JACKSON,**

    Plaintiff,

vs.

**GULF COAST COLLECTION BUREAU, INC.,**

    **Defendant.**

    _____/

CASE NO. 8:17cv 354T35 AEP

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Jimmie L. Jackson ("Plaintiff"), files this lawsuit against Defendant, Gulf Coast Collection Bureau, Inc. ("Defendant"), and alleges as follows.

1. This is an action for damages for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA").

## PARTIES

2. Plaintiff is a "consumer" as that term is defined by FDCPA and FCCPA.

3. Defendant is a debt collector with its principal place of business in Florida. Defendant has a registered agent located in the state of Florida, and the actions forming the basis of this Complaint took place at Plaintiff's home location in this district.

4. Defendant is a "person" subject to regulation under Fla. Stat. § 559.72 and a debt collector under the FDCPA.

-1-



5. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (757-XXX-5960), and was the called party and recipient of Defendant's autodialer calls.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the TCPA and FDCPA claim, and should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

8. Plaintiff allegedly incurred a debt through medical services (hereinafter the debt is referred to as the "Subject Debt").

9. The Subject Debt that Plaintiff allegedly incurred was a "consumer debt" as defined by the FDCPA and FCCPA, as it constituted an alleged obligation(s) for the payment of money arising out of a transaction in which the money and/or services which were the subject of the transaction were primarily for Plaintiff's personal, family, or household purposes.

10. At some point after Plaintiff allegedly incurred and defaulted on the Subject Debt, the Subject Debt was assigned or consigned to, or purchased by, Defendant for purposes of collection.

11. On two separate occasions, Plaintiff sent Defendant a cease and desist letter requesting them to stop contacting him.

12. On May 9, 2016, Plaintiff sent Defendant a cease and desist letter, which they received. *See* **Exhibit A**.

13.     On June 7, 2016, Plaintiff sent Defendant a cease and desist letter, which they received. *See* **Exhibit B.**

14.     Despite Plaintiff's requests, Defendant continued to contact him in an attempt to collect the Subject Debt.

15.     On June 1, 2016, Defendant sent Plaintiff a collection letter attempting to collect the Subject Debt. *See* **Exhibit C.**

16.     Further, Defendant autodialed Plaintiff's cellular phone in an attempt to collect the Subject Debt.

17.     Specifically, Defendant autodialed Plaintiff's cellular phone in an attempt to collect the Subject Debt on the following dates:

       a. 11/10/16
       b. 11/17/16
       c. 11/22/16
       d. 12/3/16
       e. 12/21/16
       f. 12/29/16
       g. 1/13/16
       h. 1/23/16
       i. 2/3/17

18.     During multiple calls in which Plaintiff answered, Plaintiff informed Defendant that he did not wish to speak to Defendant regarding this matter and that he would deal with the original creditor regarding the matter.

19.     Despite providing this information on numerous occasions and requesting Defendant to stop calling his cell phone, Defendant continued to autodial Plaintiff's cell phone.

20.     Each of Defendant's calls placed to Plaintiff's cell phone in which he answered had a time-gap before one of Defendant's representatives would respond. This suggests Defendant used an autodialer system to place calls to Plaintiff's cell phone.

21. Further, Defendant left pre-recorded messages on Plaintiff's voicemail.

22. Defendant has a corporate policy to use an Automatic Telephone Dialing System (as defined by the TCPA) and has numerous other federal lawsuits pending against them alleging similar violations and facts as stated in this complaint.

23. Despite Plaintiff informing Defendant for his reason of non-payment towards the Subject Debt and taking all reasonable measures at negotiating a resolution to the Subject Debt, the Defendant continued its efforts to try and collect the Subject Debt from Plaintiff. As a result, Defendant's subsequent attempts to persuade Plaintiff were made with the intent to simply exhaust Plaintiff's will and harass Plaintiff.

24. The above-referenced conduct was a willful attempt by Defendant to engage in conduct which was reasonably expected to abuse or harass Plaintiff.

25. Defendant's conduct has caused Plaintiff to suffer injuries in fact through significant anxiety, emotional distress, frustration, and anger.

26. Defendant's autodialer calls to Plaintiff's cell phone caused him headaches.

27. By effectuating these unlawful phone calls, Defendant has caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

28. Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

29. Defendant's phone calls harmed Plaintiff by wasting his time.

30. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff by depleting the

battery life on her cellular telephone, and by using minutes allocated to Plaintiff by his cellular telephone service provider.

## COUNT I

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

31.     Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as though fully stated herein.

32.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ..." 47 U.S.C. § 227(b)(1)(A)(iii).

33.     The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

34.     Plaintiff revoked any prior express consent Defendant had to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

35.     As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

36.     Because the Defendant knew that Plaintiff had revoked prior express consent to receive their autodialed and prerecorded voice calls to his cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. 1692 § *et seq.*

37. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as though stated fully herein.

38. The foregoing acts and omissions of Defendant constitute multiple violations of the FDCPA, including 15 U.S.C. §§ 1692c(c), 1692d, and 1692d(5).

39. As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE Plaintiff demands judgment against Defendant for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper

## COUNT III

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
### FLORIDA STATUTES § 559.55 *et seq.*

40. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

   a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

42. As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

/s/ *[signature]*
Jon P. Dubbeld, Esq.
Fla. Bar No. 105869
Jon@berkmyer.com
Berkowitz & Myer
2820 1st Avenue North
St. Petersburg, Florida 33713
(727) 344-0123(office)
*Attorneys for Plaintiff*

# EXHIBIT A

Gulf Coast Collection Bureau Inc  
5630 Marquesas Circle  
Sarasota Fl 34233-3331

May 09,2016

RE:  
Jimmie Jackson  
Master Account # 9646116, 9646118, 9646120, 9646122, 9646124, 9646126, 9646128, 9646130 9646132, 9646134 and 9646136

To Whom It May Concern;  
RE: Associated Pathologists Acct # 2105530128

This letter will serve as our legal notice under federal law that regulates the activities of collection agencies and their legal representatives.

You are hereby notified under provisions of public law 95-109, section 805-C, THE FAIR DEBT COLLECTION PRACTICES ACT to hereby CEASE AND DESIST IN ANY ATTEMPTS TO COLLECT THE ABOVE DEBT.

Your failure to do so will result in charges being filed against you with the State and Federal regulatory agencies empowered with enforcement.

You are further warned that if ANY derogatory information is placed on my credit reports after receipt of this notice, it too will result in action being taken against you.

As it is my position not to recognize and /or work with collection agencies, I will settle this matter directly with the original creditor.

GIVE THIS MATTER THE ATTENTION IT DESERVES.

Yours truly,

Jimmie Jackson  
cc: Jenny Segal



# EXHIBIT B

Gulf Coast Collection Bureau Inc  
5630 Marquesas Circle  
Sarasota Fl 34233-3331

June 07/2016

RE:  
Jimmie Jackson  
Master Account # 9686048

To Whom It May Concern;  
RE: Associated Pathologists Acct # 2105530128

This letter will serve as our legal notice under federal law that regulates the activities of collection agencies and their legal representatives.

You are hereby notified under provisions of public law 95-109, section 805-C, THE FAIR DEBT COLLECTION PRACTICES ACT to hereby CEASE AND DESIST IN ANY ATTEMPTS TO COLLECT THE ABOVE DEBT.

Your failure to do so will result in charges being filed against you with the State and Federal regulatory agencies empowered with enforcement.

You are further warned that if ANY derogatory information is placed on my credit reports after receipt of this notice, it too will result in action being taken against you.

As it is my position not to recognize and /or work with collection agencies, I will settle this matter directly with the original creditor.

GIVE THIS MATTER THE ATTENTION IT DESERVES.

Yours truly,

Jimmie Jackson  
cc: Jenny Segal

# EXHIBIT C

5630 Marquesas Circle
Sarasota FL 34233-3331

CHANGE SERVICE REQUESTED

June 1, 2016

001C

Jimmie L Jackson
1210 Ray Charles Blvd # A
Tampa FL 33602-3001

**COLLECTION BUREAU**

| CARD NUMBER PLUS 3 DIGIT SECURITY CODE | EXP. DATE / |
|---|---|
| CARDHOLDER NAME   CARDHOLDER SIGNATURE | AMOUNT $ |

Please enter all the above information.

GULF COAST COLLECTION BUREAU INC
PO Box 21509
Sarasota FL 34276-4509

| RE: | JACKSON, JIMMIE L |
|---|---|
| Creditor: | BAYCARE MEDICAL GROUP |
| Master Account #: | 9677700 |
| Service Date: | 11-03-15 |
| Total Amount Due: | $4,592.93 |

***Detach Upper Portion and Return with Payment***

The above account has been listed with our office for collection.

To make a payment online, please visit us at: www.gccb.net.

All correspondence can be delivered via our web site. Please visit us at www.gulfcoastcollection.com.

You may also mail payments and/or correspondence to Post Office Box 21509, Sarasota, FL 34276.

To speak to a representative, please call 1-800-874-0699.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Gulf Coast Collection Bureau

ICSGULF04001C-142156219

| Creditor | Account # | Regarding | Amount Owed | Service Date |
|---|---|---|---|---|
| Baycare Medical Group | 1139926 | Jackson, Jimmie L | 247.00 | 10-11-15 |
| Baycare Medical Group | 1216918 | Jackson, Jimmie L | 1449.00 | 10-06-15 |
| Baycare Medical Group | 1491284 | Jackson, Jimmie L | 13.00 | 11-04-15 |
| Baycare Medical Group | 1298074 | Jackson, Jimmie L | 205.40 | 10-09-15 |
| Baycare Medical Group | 1189313 | Jackson, Jimmie L | 39.53 | 10-16-15 |
| Baycare Medical Group | 1517335 | Jackson, Jimmie L | 94.25 | 11-04-15 |
| Baycare Medical Group | 1313534 | Jackson, Jimmie L | 58.50 | 10-13-15 |
| Baycare Medical Group | 1320804 | Jackson, Jimmie L | 53.95 | 11-03-15 |
| Baycare Medical Group | 1345216 | Jackson, Jimmie L | 2262.00 | 11-04-15 |
| Baycare Medical Group | 1345217 | Jackson, Jimmie L | 157.30 | 11-03-15 |